FILED

12 JUN -5 AM 3: 51

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. DURAN,<br><br>                                        Petitioner,<br><br>                        v.<br><br>D. PARAMO, Warden,<br><br>                                        Respondent. | Civil No.    12cv1313-BEN (WMc)<br><br>**ORDER DISMISSING CASE<br>WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner has failed to pay the $5.00 filing fee or move to proceed in forma pauperis, and has failed to allege exhaustion of state court remedies.

## FILING FEE REQUIREMENT

Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254.

## FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28

1   U.S.C. § 2254(b), (c); <u>Granberry</u>, 481 U.S. at 133-34.  Moreover, to properly exhaust state court

2   remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights

3   have been violated.  The Supreme Court in <u>Duncan v. Henry</u>, 513 U.S. 364 (1995) reasoned:

4   "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal

5   rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the</u>

6   <u>United States Constitution.</u>"  <u>Id.</u> at 365-66 (emphasis added).  For example, "[i]f a habeas

7   petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the

8   <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only

9   in federal court, but in state court."  <u>Id.</u> at 366 (emphasis added).

10        Nowhere in the Petition does Petitioner allege that he raised his claims in the California

11   Supreme Court.  In fact, he specifically indicates he did not seek review in the California

12   Supreme Court.  (<u>See</u> Pet. at 8.)  If Petitioner has raised his claims in the California Supreme

13   Court he must so specify.  The burden of proving that a claim has been exhausted lies with the

14   petitioner.  <u>Cartwright v. Cupp</u>, 650 F.2d 1103, 1104 (9th Cir. 1981).

15        Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death

16   Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ

17   of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation

18   period shall run from the latest of:

19           (A) the date on which the judgment became final by the
20   conclusion of direct review or the expiration of the time for seeking
      such review;

21           (B) the date on which the impediment to filing an application
22   created by State action in violation of the Constitution or laws of the
      United States is removed, if the applicant was prevented from filing
23   by such State action;

24           (C) the date on which the constitutional right asserted was
      initially recognized by the Supreme Court, if the right has been
25   newly recognized by the Supreme Court and made retroactively
      applicable to cases on collateral review; or

26           (D) the date on which the factual predicate of the claim or
27   claims presented could have been discovered through the exercise
      of due diligence.

28   28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

1    The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition
2 is pending. 28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999).
3 <u>But see</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed'
4 when its delivery and acceptance [by the appropriate court officer for placement into the record]
5 are in compliance with the applicable laws and rules governing filings."). However, absent some
6 other basis for tolling, the statute of limitations does run while a federal habeas petition is
7 pending.  <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).
8    Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a
9 habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that
10 the petitioner is not entitled to relief in the district court . . ."  Rule 4, 28 U.S.C. foll. § 2254.
11 Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas
12 relief because he has not alleged exhaustion of state court remedies.
13                              <u>**CONCLUSION AND ORDER**</u>
14    Based on the foregoing, the Court **DISMISSES** this action without prejudice for failure
15 to satisfy the filing fee requirement and failure to allege exhaustion of state court remedies.  If
16 Petitioner wishes to proceed with this case he must submit, **no later than** **August 1, 2012,** a
17 copy of this Order with the $5.00 filing fee or adequate proof of his inability to pay the fee **and**
18 file a First Amended Petition which alleges exhaustion of state court remedies. If Petitioner has
19 not alleged exhaustion of state court remedies on or before **August 1, 2012**, and still wishes to
20 pursue his claims in a federal habeas petition, he will have to begin again by filing a new petition
21 which will be assigned a new civil case number.  The Clerk of Court shall send a blank Southern
22 District of California In Forma Pauperis Application and a blank Southern District of California
23 amended petition form to Petitioner along with a copy of this Order.
24    **IT IS SO ORDERED.**
25 DATED: __6/05/2012__          _____
26                                              Roger T. Benitez
                                             United States District Judge
27 CC:    ALL PARTIES
28

-3-                                                          12cv1313